IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

NASH DURHAM and MARY DURHAM,

        Plaintiffs,      Civ. No. 12-273-PA

                             **ORDER**

   v.

THE BANK OF NEW YORK MELLON,
AS TRUSTEE FOR THE CERTIFICATE
HOLDERS OF THE CWALT, INC.,
ALTERNATIVE LOAN TRUST 2007-
23CB, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-23CB
and RECONTRUST COMPANY, N.A.,

        Defendants.

---

**PANNER, J.**

    On February 15, 2012, plaintiffs filed the complaint for wrongful foreclosure. After I issued a Temporary Restraining Order, defendants recorded a Notice of Rescission of Notice of Default. Defendants then moved to dismiss on grounds of mootness. For the reasons stated below, defendants' motion to dismiss [#13] is GRANTED.

                            **STANDARDS**

    A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) tests the subject-matter jurisdiction of the court. In evaluating

1  - ORDER

a factual challenge to jurisdiction, the court may look beyond the complaint. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a factual challenge, the court "need not" presume the factual allegations in the complaint are true. Id. The party asserting jurisdiction bears the burden of proving jurisdiction exists. In re Ford Motor Co./Citibank (South Dakota), 264 F.3d 952, 957 (9th Cir. 2001)(citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

## DISCUSSION

### 1. JUDICIAL NOTICE

Fed. R. of Evid. 201 states that a court may take judicial notice of a fact outside the pleadings if the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (impliedly overruled on other grounds; See Crawford-El v. Britton, 523 U.S. 574, 592-93 (1998)). This includes court filings because they "are readily verifiable and, therefore, the proper subject of judicial notice." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). So long as the court takes notice of undisputed matters of public record, a Rule 12 motion is not converted into a motion for summary judgment. Lee, 250 F.3d at 689-90.

Defendants request the court take judicial notice of the

2 - ORDER

Note at issue and the Notice of Rescission of Notice of Default defendants recorded in the Jackson County land records on February 27, 2012. Plaintiffs do not dispute the accuracy of either document and judicial notice is proper for both documents. Lee, 250 F.3d at 689.

Plaintiff requests the court take judicial notice of complaints and recorded documents from other foreclosure cases. The court records and documents in county land records are properly subject to judicial notice. That said, documents from other foreclosure actions are irrelevant to the facts relating to the complaint at issue, in which plaintiffs seek declaratory relief regarding an allegedly wrongful non-judicial foreclosure of their home.

## 2. MOOTNESS

Federal courts are courts of limited jurisdiction. Article III of the Constitution limits federal court jurisdiction to actual cases or controversies. Art. III, § 2; see Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (9th Cir. 2011). A case or controversy requires "that an actual, ongoing controversy exist at all stages of federal court proceedings." Id. (internal citation omitted). Federal courts lack jurisdiction to decide moot cases. Id. at 1087.

Defendants argue that because there is no longer a pending non-judicial foreclosure proceeding, plaintiffs' claims are moot.

3  - ORDER

I recently dismissed a case on similar grounds and many of my conclusions there are applicable here. See Leaper v. Deutsche Bank Nat'l Trust Co., 1:12-cv-273-PA, 2012 WL 2367568 (D. Or., June 21, 2012 Order).

"[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc., v. Laidlaw Environmental Services, Inc., 528 U.S. 167, 190 (2000). A defendant's voluntary action may result in a moot claim when: (1) there is no reasonable expectation that the alleged violation will recur; and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Smith v. Univ. of Washington, 233 F.3d 1188, 1194 (9th Cir. 2000)(internal citation omitted).

As noted, on February 27, 2012, defendants recorded a Notice of Rescission of Notice of Default. (Docket #16, pp 3-5.) Defendants state that instead of pursuing a non-judicial foreclosure, "Defendants will instead pursue their right to recover through a method no one disputes is available to them - a judicial foreclosure or a lawsuit on the promissory note under ORS 86.710." (Reply, 2.)

Plaintiffs argue that because defendants have yet to initiate judicial foreclosure proceedings against plaintiff,

4  - ORDER

defendants are free to initiate another non-judicial foreclosure in the future. Plaintiffs' argument ignores defendants statements made to the court. Additionally, as noted by defendants, defendants could be judicially estopped from proceeding with a future non-judicial foreclosure. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001)(judicial estoppel prevents a party from gaining an advantage based on one theory and then seeking a future advantage by pursuing an incompatible theory).

Given defendants' representations in the record, there is not a reasonable chance that the allegedly prohibited activity - a non-judicial foreclosure - will recur. The wrongful foreclosure claim is therefore moot. Friends of the Earth, 528 U.S. at 190; Smith, 233 F.3d at 1194.

Plaintiffs argue the action is not moot because "Plaintiffs have incurred damages in an amount not expected to exceed $1,000.00 as a result of researching the transfers and assignments of the relevant loan and deed of trust." (Compl. ¶ 15.) As noted by defendants, plaintiffs must have a valid cause of action to support a claim for damages. Plaintiffs wrongful foreclosure claim is now moot. Several Oregon courts have concluded Oregon does not recognize a claim for wrongful attempted foreclosure. See Hartley v. Federal Nat.'l Mortg. Ass'n, 2012 WL 775679 at *3 (D. Or.)("Oregon is in accord with 'the overwhelming majority of states' which do not recognize a

5  - ORDER

claim for wrongful attempted foreclosure.")(quoting <u>Santos v. Countrywide Home Loans</u>, 2009 WL 3756337 at *3); <u>Hulse v. Ocwen Fed. Bank, FSB</u>, 195 F.Supp.2d 1188, 1204 n.5 (D. Or. 2002)(noting that plaintiffs could pursue claim if foreclosure went through but that "[w]ithout an actual foreclosure, however, it may be that plaintiffs have no remedy for the alleged initiation of the foreclosure process by the wrong entity."); <u>Tabb v. One West Bank, FSB</u>, 2011 WL 4448752 at *8-9 (D. Or.)(holding "Oregon does not recognize a claim for a wrongfully <u>attempted</u> foreclosure[.]")(quoting <u>Hulse</u>, 195 F.Supp. 2d at 1204 n.5)(emphasis in original)). No Oregon court has acknowledged a claim for wrongful attempted foreclosure and I decline to do so at this time.

Plaintiffs seek a declaration that the attempted non-judicial foreclosure was wrongful. Oregon law is clear that, even in the context of interpreting Oregon's declaratory judgment statute, "Courts will not give mere advisory opinions on moot questions." <u>Cummings Const. Co. v. School Dist. No. 9, Coos County</u>, 242 Or. 106, 109-110 (1965). Instead, there must be a "justiciable controversy between the parties." <u>Id.</u> (internal citation and quotation omitted). The justiciable controversy requirement "is not less strict in a declaratory judgment proceeding than in any other type of litigation." <u>State Farm Fire and Casualty Co. v. Reuter</u>, 294 Or. 446, 448 (1983). As

6  - ORDER

plaintiffs' sole claim is moot, plaintiff's request for a declaratory judgment is denied.

Plaintiffs also seek a declaration that plaintiffs' lawsuit was the "catalyst" for the rescission of the sale. The "catalyst" theory of recovery, however, has been rejected. See Klamath Siskiyou Wildlands Center v. U.S. Bureau of Land Management, 589 F.3d 1027, 1030 (9th Cir. 2009)("To receive what one sought is not enough to prevail: the court must require one's opponent to give it."). In other words, even though plaintiffs' lawsuit may have resulted in the rescission, attorney fees are unavailable for plaintiffs because the action is moot.

For the reasons stated above, plaintiff's claims for injunctive and declaratory relief concerning an allegedly wrongful non-judicial foreclosure proceeding are moot.

## CONCLUSION

Defendants' motion to dismiss [#13] is GRANTED.

IT IS SO ORDERED.

DATED this 28 day of June, 2012.

OWEN M. PANNER
U.S. DISTRICT JUDGE

7 - ORDER